Adams *v.* Colton.

RIPLEY E. W. ADAMS, plaintiff in error, *v.* RUFUS
    COLTON, defendant in error.

*Error to Will.*

Where, in an action of assumpsit, the defendant made affidavit that he could not
safely proceed to trial without the testimony of an absent witness; and that he
expected to prove by said witness, that the " plaintiff was to give said defend-
ant $150, for one half of the claim mentioned in said defendant's account of
set-off;" and that a subpœna is sued to the sheriff of DeKalb county, in which the
witness had formerly resided, and, said defendant had been informed by the cor-
oner of said county, that there was no sheriff of said county, and that the cor-
oner received the subpœna, and made search for the witness, but could not find
him, as he had removed from the county, unknown to the defendant; and
that the defendant knew of no other witness whose attendance could be procur-
ed at the term of the Court then sitting, by whom he could prove the same facts;
and that he expected to procure the attendance of the witness at the next term,
and that the affidavit was not made for delay, but that justice might be done ; and
moved the Court for a continuance of the cause, which the Court denied: *Held,*
that the decision was erroneous.

THIS was an action of *assumpsit* commenced by Colton against
Adams, in the Will Circuit Court.   The defendant pleaded the
general issue, and gave notice of set-off at the September term,
1837, and the cause was continued from term to term, until April
term, 1838, when the cause was tried.   Before the jury was call-
ed at said April term, the defendant moved for a continuance, up-
on the following affidavit :

" R. E. W. Adams, being duly sworn, on oath, says, that Joel
Jenks is an important witness, on the part of the above defendant,
in the trial of the above cause, and that he cannot safely proceed
to trial without his testimony ; and that he expects to prove by
said Jenks, that said plaintiff was to give said defendant $150,
for one half of the claim mentioned in said defendant's account of
set-off ; and this deponent further says, that a subpœna was issued
to the sheriff of DeKalb county, in which Jenks had formerly
been residing, and this deponent is now informed by the coroner
of said county, that there is no sheriff in said county, and that he
said coroner received the said subpœna, and made search for said
Jenks, but could not find him, — he having removed from said
county, which was unknown to said deponent.   And this deponent
says he knows of no person whose attendance can be procured at
this term of the Court, by whom he can prove said facts, and this
deponent further says, that he expects to be able to procure his at-
tendance at next term.   And this application is not made for de-
lay, but that justice may be done.

                    (Signed)    R. E. W. ADAMS.

" Sworn and subscribed before me this ⎫
    11th day of April, A. D.   1838.   ⎬
            LEVI JENKS, *Clerk.*"   ⎭

The Court overruled the motion, and defendant excepted.

The subpœna for the witness referred to in the above affidavit, was issued on the 7th day of March, A. D. 1838.

The cause being submitted to the jury, a verdict was rendered for the plaintiff, for $ 422,70½.

Thereupon the defendant moved the Court for a new trial, upon the ground that the said defendant had discovered new and material evidence since the trial of the cause, and to sustain said motion read the following affidavit, to wit :

" R. E. W. Adams, the defendant, being duly sworn, on oath says, that since the trial of the above cause, he has discovered new testimony, which was unknown to this affiant before and at the time of said trial, which testimony is that of Josiah Beaumont of said county of Will, by whom said affiant can prove that he, the said Beaumont, soon after the delivery of the barrel at said affiant's store, which is charged in said plaintiff's account as white lead, he, said Beaumont, procured at said affiant's store, a small quantity of the article contained in said barrel, supposing the same to be white lead, to be used for painting, and found the same to be whiting, and not white lead, and that the same was damaged and worthless, and said affiant further says that said Beaumont procured said article at his store during the absence of said affiant, and that he, said affiant, did not know the fact until this morning ; and this affiant further says, that Sidney S. Barnes, a painter, late of said county, examined the contents of said barrel at the store of the plaintiff, before the delivery thereof to said affiant, and found the same to be whiting ; but that said Barnes by whom this affiant expected to prove said fact, died about four weeks before the sitting of this Court, and that before and during the trial of this cause, said affiant knew of no one by whom he could prove this fact, and that he has since discovered that he can establish it by the oath of said Beaumont, who is a credible witness ; and further saith not.          R. E. W. ADAMS.

" Subscribed and sworn before me this ⎱
11th day of April, A. D. 1838.          ⎰
          LEVI JENKS, *Clerk.*"

The Court overruled said motion, and the defendant excepted.

The proceedings were had in the Court below, before the Hon. John Pearson.

The cause was brought to this Court by writ of error.  The errors assigned are the refusal of the Court to grant the motions for a continuance and for a new trial.

J. C. NEWKIRK and J. BUTTERFIELD, for the plaintiff in error, cited 2 Wm. Black. 955 ; 7 Price 677 ; 2 Caines 155 ; 3 Caines 182 ; 18 Johns. 489 ; 7 Mass. 255 ; 2 Binney 582.

Mr. Butterfield said, at common law, the questions which arise on a motion for a continuance on account of the absence of a witness, are

1. Is the witness material ?
2. Has the defendant been guilty of *laches* ?
3. Can the witness be procured at the next term ?

3 Johns. Dig. 498 ; 7 Cowen 369.

Our statute only alters the common law in requiring facts to be set out.

URI OSGOOD, for the defendant in error :

Granting or refusing continuances or new trials rests in the sound discretion of the Court. Sawyer *v.* Stephenson, Breese 6 ; Cornelius *v.* Boucher, Breese 12 ; Clemson *v.* Kruper, Breese 162 ; Collins *v.* Claypole, Breese 164 ; Street *v.* Blue, Breese 201 ; Adams *et al. v.* Smith, Breese 221 ; Vernon *et al. v.* May, Breese 229 ; Littleton *v.* Moses, Breese's App. 9 ; Harmison *v.* Clark *et al.*, 1 Scam. 131 ; Smith *et al. v.* Shultz, 1 Scam. ; 4 Wheat. 213 ; 7 Wheat. 248 ; 5 Cranch 11, 187 ; R. L. 491 – 2 § 20 ; Gale's Stat. 533.

BROWNE, Justice, delivered the opinion of the Court :

This was an action of *assumpsit* brought by Rufus Colton against Ripley E. W. Adams, in the Circuit Court of Will county. At the April term, 1838, defendant made an application for a continuance founded on his affidavit of the absence of Joel Jenks, a material witness, who resided in DeKalb county, — to which county a subpœna was issued and sent on the 7th of March, 1838, and returned not found, — the said witness having, without the knowledge of the defendant, removed from that county. The affidavit stated that the defendant expected to prove by said witness, an item of $150, in the defendant's account of set-off; that he expected to be able to procure the attendance of the witness at the next term ; that he knew of no other witness by whom he could prove the same fact ; — and that the affidavit was not made for delay. The motion was overruled by the Court.

This affidavit clearly shows that every requisite of the statute was complied with, for the purpose of getting the cause continued. Diligence has been used ; the name and residence of the witness, and what particular fact to be proved — all these facts appear in the affidavit.

The Court erred in refusing to continue the cause. The judgment of the Circuit Court of Will county is reversed with costs, and the cause remanded for a new trial(1).

*Judgment reversed.*

(1) R. L. 489 § 11 ; Gale's Stat. 531, 540; Acts of July, 1837, 109 § 2.